IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-1537 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 26th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).²

---

²     Plaintiff argues that the Administrative Law Judge ("ALJ") improperly downplayed evidence regarding his knee osteoarthritis, leading to flawed findings in her analysis of the medical opinion evidence and her credibility findings.  The Court disagrees and finds that substantial evidence supports the ALJ's findings regarding Plaintiff's residual functional capacity ("RFC") and her ultimate conclusion that Plaintiff is not disabled.

    The Court first notes that Plaintiff somewhat misstates aspects of the ALJ's decision.  He argues, for example, that the ALJ's reliance on his failure to follow prescribed treatment to deny his benefits request did not comport with the requirements of 20 C.F.R §§ 404.1530 and 416.930. However, the ALJ did not deny benefits for failure to follow prescribed treatment under Sections 404.1530 and 416.930; rather, she merely cited Plaintiff's decision to decline a recommended steroid injection as part of his relatively conservative treatment for his knees.  This was, of course, a proper factor in considering Plaintiff's subjective testimony and in evaluating the medical opinions, including that of consultative examiner Alexandra Smith-Demain, M.D.  *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (3); SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016).

    Plaintiff also claims that the ALJ relied on his reduced knee flexion, positive grinding test, and severe right knee osteoarthritis in discounting his testimony and Dr. Smith-Demain's opinion.  However, this is not reflected in the record.  The ALJ cited and discussed those factors (R. 19) not specifically to discount Plaintiff's testimony or any medical opinion, but as part of her explanation of the evidence she relied upon overall in finding that Plaintiff was restricted to a limited range of medium work.  In fact, her discussion of this evidence confirms that she considered all of the evidence in the record, regardless of whether it would be deemed favorable or unfavorable to Plaintiff, in making her findings.

    With this in mind, the Court finds no error here.  As noted above, the ALJ's consideration of Plaintiff's knee osteoarthritis was balanced, and she clearly explained how this condition called for some functional limitations, but that Plaintiff's conservative treatment and refusal of injections, in light of a number of unremarkable clinical findings regarding gait, reflexes, sensation, and strength, supported limitations less restrictive than those to which Plaintiff testified. An ALJ is not under an obligation to simply accept what the claimant said without question.  *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011).  Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference.  *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  The Court finds that such deference is warranted in this case.  *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:		Counsel of record

---

Likewise, the ALJ properly found that Plaintiff's treatment history and generally intact gait, reflexes, sensation, and strength undercut the consistency of Dr. Smith-Demain's opinion pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. She also accurately noted that Plaintiff appeared to be intoxicated for his appointment with Dr. Smith-Demain, further calling that opinion's accuracy into question. (R. 20, 464-65). The Court further notes that the ALJ relied on several other medical opinions setting forth suggested limitations consistent with what was ultimately included in the RFC. Substantial evidence supports these findings.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports that decision. It will therefore affirm.